1  **WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | No. CR-13-01411-001-PHX-ROS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Athena Marie Baldacchino, | |
| Defendant. | |

Paul Baldacchino ("Movant"), the husband of Defendant Athena Marie Baldacchino ("Defendant"), moved to quash the subpoena issued by Plaintiff United States of America ("United States"). (Doc. 37.) For the reasons stated below, this motion will be denied.

In January 2014, after pleading guilty to wire fraud, Defendant was sentenced to eighteen months of incarceration, followed by three years of supervised release, and ordered to pay $383,000 in restitution. (Doc. 22.) Defendant still owes more than $370,000 in restitution. (Doc. 39.) On July 1, 2019, Defendant declared under penalty of perjury that she had no interest in any real estate anywhere in the world, including no leasehold interests, and no rental income. (Doc. 39-1 at 8, 16, 17.) The United States became aware of a property on Amberwood Drive in Phoenix, Arizona which appears to be co-owned by Defendant and Movant and used as a rental property generating approximately $2,400 per month. (Doc. 39 at 2–3; Doc. 39-2 at 2; Doc. 39-3 at 2, 15; Doc. 39-4 at 2; Doc. 39-7 at 2.) The United States then issued the instant subpoena to Wells Fargo requesting the entire loan file. (Doc. 39-8.) To comply with the Right to Financial Privacy Act ("RFPA"), the

United States sent Movant a letter explaining he could move to quash the subpoena if he believed the loan file was not relevant to the United States' attempt to recover restitution. (Doc. 39-8 at 2–3.) Movant moved to quash the subpoena on the grounds that the Wells Fargo loan file is "not relevant as [it is] in [Movant's] name and [he is] not a party in this case." (Doc. 37 at 2.)

Pursuant to the RFPA, if the Court finds that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry," the Court shall deny the motion to quash. 12 U.S.C. § 3410(c). Both requirements are met here.

The first requirement is that the law enforcement inquiry be legitimate. That requires the Court determine if the inquiry "is one the agency is authorized to make and is not being conducted solely for an improper purpose such as political harassment or intimidation or otherwise in bad faith." *Gewerter v. Sec. & Exch. Comm'n*, No. CV-16-02556-PHX-DLR, 2016 WL 4074117, at *2 (D. Ariz. Aug. 1, 2016) (quoting *Pennington v. Donovan*, 574 F. Supp. 708, 709 (S.D. Tex. 1983)). The United States is authorized to enforce restitution judgments by all available and reasonable means. 18 U.S.C. §§ 3663A(d), 3664(m)(1)(A); *see* 18 U.S.C. § 3613(a). And that includes enforcement actions against "all property or rights to property" of the person owing restitution. 18 U.S.C. § 3613(a). Here, the United States is attempting to gather information regarding property apparently co-owned and used as an income-producing rental property by Defendant and Movant. The United States is engaged in a legitimate law enforcement inquiry.

The second requirement is that the records being sought be relevant to the inquiry. If subpoenaed material "touches a matter under investigation," that material is relevant for the purposes of the RFPA. *Gewerter*, 2016 WL 4074117 at *2 (quoting *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir. 1989)). The United States asserts that Defendant "appears to own the Amberwood Property with [Movant]"; that "Defendant failed to disclose her property interest in the Amberwood Property when she completed the financial affidavit submitted to the United States

Attorney's Office"; and that the "requested mortgage information from Wells Fargo is relevant to the Defendant's ownership in this property and thus, relevant to the collection of the restitution owed by the Defendant to the victim" because it "will assist the Government in determining what, if any, legal remedies it will seek for restitution payment given the Defendant's interest the Amberwood Property." (Doc. 39 at 5.) The Court finds the financial records sought by the United States' subpoena are relevant to its legitimate efforts to collect the restitution Defendant owes.

Accordingly,

**IT IS ORDERED** the Motion to Quash (Doc. 37) is **DENIED**.

Dated this 4th day of December, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge